CASE No. 976.

GODBOLD v. VANCE.

1. Where the decree in an equity cause is rendered during vacation, there is nothing in the act of 1878, regulating appeals, (16 *Stat.* 698,) which

requires the appellant from such decree to furnish the presiding judge and serve the respondent's attorney with a copy of exceptions to the decree within ten days after notice of filing.

2. Is Section 292 of the code of procedure repealed by the act of 1878?

3. Decree in an equity cause, which was heard upon exceptions to a referee's report, was rendered in vacation; within ten days after notice of the filing plaintiff gave notice that he would "appeal to the Supreme Court and move it to reverse the decree," and within thirty days thereafter served his case, which contained the exceptions to the referee's report and exceptions in detail to the Circuit decree. *Held,* that there had been a technical compliance with the requirements of the law.

4. Findings of fact, concurred in by referee and Circuit judge, sustained.

5. An executor cannot waive the statute of limitations against himself, as to claims due him which were barred at the time of his qualification.

6. The giving of a note raises no presumption of the payment by the maker of an antecedent indebtedness not then due.

7. An instrument, in form a deed, which purported to convey $2000, with enjoyment postponed until the maker's death, upheld as a debt due by the estate of the maker.

8. The doctrine of ademption does not apply to devises.

9. The provisions of a deed ineffectual to accomplish the purposes intended, cannot operate as a revocation of a will duly executed.

---

Before PRESSLEY, J., Abbeville, September, 1879.

This was an action commenced July 17th, 1878, by Francis M. Godbold, as executor of John Vance, deceased, against Nuella E. Vance, (widow of testator,) Nannie M., Sarah, Mary A., and Thos. W. Godbold (grand-children) and James C. Moore and others, creditors of John Vance.

In April, 1872, John Vance made his will, whereby *inter alia* he devised and bequeathed as follows:

2. To my wife, Nuella Vance, I devise and bequeath the tract of land whereon I now reside in Abbeville county, containing forty acres, more or less, together with the household and kitchen furniture, my buggy and harness and wagon and all stock of every kind which may be on the place at the time of my death. I also bequeath her the sum of two thousand dollars, ($2000,) which my executors are to pay as soon after my death as possible.

The said property and pecuniary legacy, I give to my said wife in lieu and in bar of dower absolutely; excepting this tract of land, which is to be hers for life only, but at her death to go

to the child or children, if any, of our marriage. In default of such child or children living at her death, I authorize 'and empower my said wife by will to dispose of it as she pleases.

In a codicil executed January 27th, 1874, the testator directed as follows :

1. In addition to the provisions made for my wife, Nuella E. Vance, in section two of my last will, I hereby give, devise, and bequeath to her (during her life only) ten (10) acres of wood land, lying on the road leading from Hodges Depot to Smith's Bridge, bounded by said road, by J. M. Graham and by my old homestead place. At the death of my wife I direct that said ten acres of land shall revert to my estate and shall be disposed of along with my old homestead place, of which it is now a part, as directed in the third and fourth clauses of my will.

2. The real estate bequeathed to my wife in the second clause of my will and described as the " place whereon I now live," consists of three separate parcels, each represented by a separate plat and title deed and amounting in all to forty acres.

3. If from any cause, my personal estate should be insufficient to discharge and pay the legacy bequeathed to my wife in the second clause of my will, I will and direct that my executors shall sell so much of the old homestead place as shall be necessary therefor ; and from the proceeds of such sale, they shall make up and pay to her the full amount of said deficiency.

On June 21st, 1875, John Vance duly executed and delivered to his wife, Nuella E. Vance, his deed, which is as follows :

*This indenture*, made June 21st, 1875, between John Vance, party of the first part, and his wife, Nuella E. Vance, party of the second part, both of the county and state aforesaid, witnesseth, that whereas the said John Vance did, on the sixth day of April, A. D. 1872, make and publish a will, and also did make and attach thereto a codicil, dated the 27th of January, 1874, wherein and whereby he did devise and bequeath to his said wife, the said Nuella E. Vance, certain real and personal property, money, &c., in lieu and for dower ; and whereas it is now his desire to secure this provision to her beyond any contingency :

*Now, know all men by these presents*, That I, the said John Vance, moved by the foregoing consideration, as well as in consideration of the sum of one dollar to me in hand paid by the said Nuella E. Vance, at and before the sealing and delivery of these presents, (the receipt whereof is hereby acknowledged,) have given, granted, released, conveyed, and confirmed, and by these

presents do give, grant, bargain, release, and convey and confirm unto the said Nuella E. Vance, her heirs and assigns forever, the following property, to wit:

*First.* The tract of land on which I now reside, &c.; *second,* all my household and kitchen furniture, &c.; *third,* the sum of two thousand dollars ($2000) in cash; together with all and singular the rights, members, hereditaments thereunto belonging or in anywise incident or appertaining: To have and to hold the above-granted and described property and money, and every part and parcel thereof, with the appurtenances, to the said Nuella E. Vance, her heirs and assigns, to her and their only proper use, benefit, and behoof forever. Provided, however, and the foregoing deed is made upon the express condition that during my life I have and retain full possession, control and management of all the above-granted property, with the rents, issues, and profits thereof, as fully to all intents and purposes as if this deed and conveyance had not been made; and that at my death my said wife shall receive the above-granted and described property and money in lieu and bar of dower and of the provision made for her in the second clause of my last will above mentioned, (and said will and codicil are hereby confirmed except said second clause.) It is further provided that should my estate become insolvent in any way so that my said wife, the said Nuella E. Vance, shall fail to receive the property and money herein conveyed to her, or any part thereof, then her right and claim of dower shall not be barred, anything herein or in my will above mentioned to the contrary notwithstanding.

*And it is further provided,* That if I should outlive my said wife, that at her death this deed and conveyance shall become utterly null and void, anything herein to the contrary notwithstanding.

In witness whereof I, the said John Vance, have hereunto set my hand and seal the day and year first above mentioned.

JOHN VANCE. [L. S.]

Signed, sealed, and executed and delivered in presence of Geo. G. Allen, L. K. Dantzler.

This deed was duly recorded. On April 10th, 1877, testator made and delivered to his wife his sealed note for $50. April 21st, 1877, testator died, and during the same month plaintiff qualified as executor. In May, 1878, the widow, Nuella, filed her petition in the Court of Probate, calling the executor to account, and for payment of legacy, &c. Pending these pro-

ceedings, this action was commenced in the Court of Common Pleas for a construction of will and codicil and deed, and an adjudication of the rights of the widow and grand-children, an injunction against creditors' suits, sale of land in aid of assets, account by executor, and also an account by the widow of moneys and other property received by her. Defendants answered.

Creditors were enjoined and called in, and Edward Noble, Esq., was appointed special referee, to take proof of claims and of assets, to state the accounts of the executor, and of Mrs. Vance, &c.

The referee took testimony, stated the accounts of the executor and reported as follows:

The deed of June 21st, 1875, was made as an irrevocable disposition of property at the instance of the wife. One of the charges of the complaint is that Mrs. Vance has been paid the said $2000 in her husband's lifetime, and she is required by the order of reference to account for all money belonging to the testator at his death which came into her possession or into the possession of another with her knowledge and for her benefit. Much testimony has been taken before the referee in regard to this charge, which is attached hereto as part of this report. The evidence is not sufficient, it appears to me, to sustain the charge— indeed, there is no evidence to support it except the possession by the testator in 1870 of upward of $7000, and in 1872 of upward of $2000. The testator, in listing his property to the auditor in 1869, returns no money or credits; in 1870 he returns $7000; in 1871 he returns $3000; in 1872, $200; in 1873, $200; in 1874, nothing. In no subsequent return does the testator list money or credits. Mrs. Vance denies that she has been paid, and says she has not had any of testator's money belonging to him at his death, and no one for her has had any of testator's money. Dr. B. C. Hart and Dr. F. F. Gary, men of high character and intimate with the testator, testify that they heard testator declare in 1876 and 1877 that he had no money, and Mrs. Vance says the same thing. Mrs. Vance's claim under the deed of gift of June 21st, 1875, is therefore sustained as unpaid.

The accounts of the executor are submitted. In his hands I find the sum of $161.67 applicable to debts.   *   *   *   *

Portions of Mr. Godbold's claims are barred by the statute of limitations, namely, accounts for 1869 and 1870, amounting to $1087.06, but no exception has been taken to them on that ground and they have been allowed. If these barred accounts are not allowed, there would still be due Mr. Godbold $1570.91, and after discounting the two notes he owes the estate there would be a balance in his favor of $279.41.

The plaintiff filed the following exceptions to the above report:

"1. Because the said referee had no power under the order of reference to decide the question of fact as to whether or not the sum of $2000 mentioned in the deed of gift executed by the testator to the defendant, Nuella E. Vance, was received by her in the lifetime of the said testator.

"2. Because the said referee erred in not holding the pretended gift of $2000 in the deed of gift executed by the testator to the defendant, N. E. Vance, to be a nullity.

"3. Because the referee erred in not holding that the said sum of $2000 was received by the said defendant, N. E. Vance, in the lifetime of the testator, or otherwise satisfied to her.

"4. Because the said referee erred in allowing the said N. E. Vance interest on the said sum of $2000.

"5. Because the said referee erred in not charging the said N. E. Vance with having in her possession at least $10,000 belonging to the said testator.

"6. Because the said referee erred in not charging the said N. E. Vance with certain personal property belonging to the said testator and not conveyed to her by the will, codicil or deed, to wit, one piano, some silverware and several head of cattle.

"7. Because the said referee erred in stating that the deed conveyed to the said N. E. Vance, among other things, all the property on the premises, instead of stating that it conveyed all stock of all kinds that might be on the place at the time of testator's death.

"8. Because the said referee failed to report as a part of the assets two small tracts of land in the village of Cokesbury, one containing about two acres and the other about twenty-five acres."

The defendant, Nuella E. Vance, filed the following exceptions to said report:

" 1. Because the referee erred in finding that John Vance in 1875 was in possession of $2000.

" 2. Because the referee erred in finding that the only lands which are assets in the hands of the executor are the two tracts mentioned in his report.

" 3. Because the referee erred in finding that the deed mentioned in his report was executed at the instance of the defendant, Nuella E. Vance.

" 4. Because the referee erred in finding that no objection was made to the accounts of F. M. Godbold for 1869 and 1870, on the ground that they were barred by the statute of limitations.

" 5. Because the referee erred in allowing the accounts of F. M. Godbold against the estate of John Vance, deceased."

May 17th, 1880, Judge Pressley rendered the following decree:

On 6th of April, 1872, John Vance made his will, wherein he devised to his wife, Nuella, the tract of land on which he then lived, with the furniture and other articles thereon; also the sum of $2000, to be paid to her as soon after his death as possible; the whole to be in bar of her dower in his estate. To this will he added a codicil in January, 1874, whereby he made the said $2000 legacy a charge upon his old homestead, and directed a sale of so much thereof as would pay said legacy in case his personal assets were deficient. This arrangement was not satisfactory to testator's wife. She objected that it was revocable, and did not make her safe in renouncing her dower in certain lands which her husband desired to sell. To satisfy her in this respect he executed a deed, on June 21st, 1875, wherein he conveyed to her the property and the $2000 mentioned in the second clause of his will, and provided that it should not bar her right of dower, unless she should receive the whole of the said property and money. The complaint in this case, by the executor of John Vance, alleges that his wife received the said $2000 in his lifetime, and calls on her to account for other moneys, which he, John Vance, is supposed to have had at the time of his death, which came into her possession. The referee in the case

reports there is no evidence that such money was or is in her possession, or that she received the $2000, and I do not find any testimony sufficient to sustain said allegations. The codicil to testator's will and a clause in the deed both seem to me indicative that testator contemplated the probability that the said $2000 might not be paid out of his personal estate, and possibly not out of his land.

In the proceeding before the referee the plaintiff in this case proved an account against his testator's estate, of which a part, for the years 1869 and 1870, are barred by statute of limitations. The referee reports that no one before him interposed the bar of the statute, and that part of his report is excepted to by the attorney of Nuella Vance. Exceptions on other grounds have been filed by both the attorneys for plaintiff and the defendant. I confirm the referee's report, and overrule all the exceptions but that which relates to the statute of limitations. The accounts of the executor for 1869 and 1870 are clearly barred, and he, as executor of the estate, could not waive the statute in his own favor.

It is adjudged and decreed that Nuella E. Vance has the right to retain the land and personal property thereon, as reported by the referee; also that she is entitled to receive from the estate, personal or real, of John Vance the sum of $2000, with interest from the probate of the will; or, failing to receive the same, that she is entitled to her dower out of the real estate, heretofore sold or to be sold by order of the court.

As election by her may be necessary, the case is recommitted to the referee to inquire and report what assets of said estate are applicable to the payment of her claim, and whether she elects to look to such assets for payment or to take her dower.

Either party to this case may apply at foot of this decree for any order necessary to carry into effect the report of the referee, except as hereby modified.

On Thursday, June 24th, 1880, the foregoing decree was filed in the office of the clerk of the Court of Common Pleas for Abbeville county, and on the same day notice of the filing was given to the parties.

On Saturday, July 3d, the plaintiff duly filed and served the following notice of appeal:

Take notice that the plaintiff will appeal to the Supreme Court from the decree of Judge B. C. Pressley in the above-stated case, rendered on the seventeenth day of May, eighteen hundred and eighty, and move it to reverse the same.

On the same day the defendant, Nuella E. Vance, duly filed and served the following notice of appeal:

Take notice that the undersigned excepts to the judgment or decree of his Honor, Judge B. C. Pressley, in the above-stated case, and appeals to the Supreme Court from the same on the following grounds:

1. Because his Honor erred in finding that the plaintiff in the proceeding before the referee proved an account against his testator's estate.

"2. Because his Honor erred in overruling the fifth exception of Nuella E. Vance to the referee's report."

The plaintiff's exceptions to the decree of Judge Pressley were on the following grounds, as stated in the case prepared for the hearing of the appeal:

"1. Because his Honor erred in holding that the accounts of the plaintiff against his testator are barred by the statute of limitations, although it was not pleaded by any defendant, nor was the objection made by any creditor who proved his demand before the referee.

"2. Because his Honor erred in overruling plaintiff's exceptions to the report of the referee.

"3. Because his Honor erred in not holding that the giving of a note by the testator to the defendant, Nuella E. Vance, a few days before his death, affords a conclusive presumption, in the absence of rebutting or explanatory evidence, that it was a settlement in full of all demands held by her against him.

"4. Because his Honor erred in not deciding that the deed revokes the legacy to said defendant contained in the will and codicil.

"5. Because his Honor erred in not deciding that the convey-

ance by the deed of the property therein mentioned is an ademption and satisfaction of the devises and legacies contained in the will and codicil.

"6. Because his Honor erred in not deciding that said defendant, having accepted the gift by deed and retained the property as her own, is concluded by it.

"7. Because his Honor erred in not deciding that certain parts of the deed are testamentary, and that therefore as to them it cannot operate either as a will or as a deed.

"8. Because his Honor erred in deciding that this is a proper case for election by the defendant, Nuella E. Vance, she having already made her election by accepting the deed and holding and retaining the property therein conveyed as her own.

"9. Because the decree of his Honor is in all respects contrary to the law of the case and the evidence adduced before the referee.

"10. Because his Honor erred in confirming the referee's findings upon questions of law, the said referee having no power under the order of the court to decide such questions."

The notice of appeal and exceptions of Nuella E. Vance were served on Judge Pressley and plaintiff's attorneys within ten days from the notice of filing the same. The case and exceptions were served on the defendants' attorneys within thirty days from the time plaintiff's notice of appeal was served, but the exceptions of the other appellant were not served within ten days after written notice of the filing of the decree.

*Messrs. Burt & Graydon,* for plaintiff.

*Mr. E. B. Gary,* for Mrs. Vance.

February 26th, 1881. The opinion of the court was delivered by

McGOWAN, A. J. This was an action in the nature of a suit in equity, instituted by F. M. Godbold, as executor, to marshall the assets of the estate of John Vance, deceased. It was referred to Edward Noble, Esq., as referee, to state the assets and the

creditors according to their legal priorities. To his report both parties filed exceptions, which were argued before Judge Pressley, who rendered his decree after the rising of the court, May 17th, 1880. Written notice of it was served upon the parties. The attorney of Mrs. Vance served Judge Pressley and plaintiff's attorney with notice of appeal and copy of exceptions within ten days from notice of filing of the decree. The plaintiff served defendant's attorney with notice of intention to appeal within ten days, and copy of the case, with exceptions, within thirty days, but omitted to serve upon Judge Pressley and the attorney of the opposite party copies of his exceptions to the decree within ten days.

This raises a preliminary question upon a motion to dismiss plaintiff's appeal upon the ground that copy of his exceptions was not furnished the presiding judge and served upon the attorney of respondent within ten days after notice of decree filed. The plaintiff did file exceptions to the report of the referee, which was nearly identical with the decree, and also printed them in the "case" filed within thirty days. This is not, therefore, a case of surprise, but only a question of technical compliance or non-compliance with the law.

The right of appeal is valuable, and the law prescribing the manner in which appeals may be prosecuted should be construed liberally. This court has lately had occasion to consider the subject and to be constrained, by force of the provisions of the act of 1878, (16 *Stat.* 698,) to dismiss appeals in several cases, but this is the first case that has come before us upon motion to dismiss under that act, where every requirement of the act itself had been complied with, and the only objection made was that something else was omitted, supposed to be required by a previous law.

The first and second sections of the act of 1878 cover different classes of cases and contain different requirements. The first section manifestly relates only to "rulings" made during term time, and requires "copy of exceptions to be furnished the presiding judge and served upon the attorney of respondent within ten days after the rising of the court," &c. The cases provided for by this section and to which these requirements apply are

generally law cases tried by a jury, but it has been held that the words " all cases tried in the Circuit Courts " embrace as well equity cases heard in term time and decided in open court.

The second section is more comprehensive. It provides for cases heard in term time, and also every order, decree or judgment or other matter from which an appeal may be taken, and only requires " that the appellant or his. attorney shall, within ten days after decree filed, give notice to the opposite party or his attorney of *his intention to appeal,* and within thirty days after notice shall prepare a case or exceptions, or a case with exceptions, and serve them," &c.

The decree in this case was in an equity suit and rendered in vacation, and, therefore, as to an appeal, cannot fall within the first section, which applies only to " rulings " in cases heard and decided in open court, but under the second section, which, in express terms, includes " decrees." We suppose to those matters which fall under this section and not the first, only the requirements of this section apply. If so, the plaintiff complied strictly with every requirement of this second section as to notice of intention to appeal and serving " a case," and we cannot say that his appeal is waived under the act of 1878, which imposes the penalty of " waiver " only when " the appellant shall fail to perfect his appeal *according to the provisions of either of the foregoing sections.*" We think there is nothing in the act of 1878 which requires that this appeal should be dismissed.

But it is said that the act of 1878 is not the only law upon the subject; that the second section of that act was not intended as a new law by way of substitution for the old provisions of the code as to appeals, but only as an amendment to them, leaving untouched Section 292 of the code as to the manner of taking an appeal from a judgment rendered by the court, which is in these words : " For the purpose of an appeal (in cases decided by the court) either party may except *to a decision on a matter of law* arising upon such trial within. ten days after notice in writing of the judgment in the same manner and with the same effect as upon trial by jury." *Gen. Stat.* 637.

" The court " may try law cases, and this section seems to

apply exclusively to that class of cases, for it speaks only of excepting "in a matter of law."

This court is not limited to a correction of errors at law, but in "cases in chancery" has appellate jurisdiction, and may review and reverse findings of fact by the court below. Besides, there is grave doubt whether this provision is not repealed by the act of 1878, which deals exhaustively with the same subject, and seems to have been intended as a system in itself. As was said in the case of *Scurry* v. *Coleman, ante p.* 166: " The law governing appeals to the Supreme Court was changed by the act of 1878, as to the time within which an appeal shall be perfected, which then expressly repeals all acts and parts of acts inconsistent therewith. *It covers the whole subject of appeals to the Supreme Court.* Are the provisions of the act of 1878 *inconsistent* with those of the code before referred to ?" So, we repeat, as to the section of the code under consideration here. It has been held that the act of 1878 " does not profess to be an amendment of the code." *Rogers* v. *Nash,* 12 *S. C.* 560. This court, however, has never expressly decided the question as to Section 292 of the code, and we think it is not necessary to do so in this case. If that section is not superseded by the act of 1878, and embraces " cases in chancery " as well as law cases tried by "the court," still, properly construed, there is nothing in it which requires the dismissal of this appeal. The section does not, in terms, require copy of exceptions to be furnished the presiding judge, but allows either party to except " *in the same manner and with the same effect as upon trial by jury.*" In construing these words we must have reference to the law as it then stood as to exceptions upon " trial by jury." At the adoption of the code exceptions had to be made in open court. It was not necessary that they should be in writing, but enough to have them noted on the judge's minutes and settled after, as prescribed by the rules of court. The idea of furnishing copy of exceptions to the presiding judge was suggested for the first time in the act of 1878, the first section of which requires copy of exceptions to be furnished the judge for the reason that, in cases provided for by that section, ten days to except was allowed. We do not think this section of the code can be interpreted by reference to the act

of 1878, and enlarged by incorporating into it provisions of an act passed long after, and which makes entirely new regulations upon the subject.

Whether this section is superseded or not, it is not now necessary, in appealing from a decree in chancery rendered in vacation, to furnish the judge who rendered the decree with a copy of the exceptions thereto. This view of the law is fortified by reason. We are unable to understand the object in requiring copy of exceptions to be furnished the judge, whose whole decree is in writing, in a suit in which he is not expected to make a report or settle a case.

As to the service of exceptions upon *the attorney of the opposite party*, claimed to be necessary, the notice of appeal, taken in connection with the full exceptions to the referee's report and in "the case," may be considered as a technical compliance.

The notice was in these words: "Take notice that the plaintiff will appeal to the Supreme Court from the decree of Judge B. C. Pressley, rendered May 17th, 1880, *and move it to reverse the same.*" Considered as an exception, this is certainly not full, but it is more than a mere notice of an intention to appeal. It is true, as stated in the case of *Norton* v. *Livingston, ante p.* 177: "That the points of law, wherein error is charged, should be specifically stated, otherwise the court has no guide as to the points contested;" but that was a law case, tried by a jury, and the only exception was to "the charge of the judge." This was an equity suit, and the whole decree in writing. The motion to dismiss the appeal is refused.

John Vance executed his will April 6th, 1872, and by it gave his wife, Nuella E., the tract of land on which he then lived, with the furniture and other articles thereon, and also the sum of $2000, to be paid to her as soon after his death as possible; the whole to be in bar of dower in his lands. In 1874 he added a codicil to his will, whereby he made the said legacy a charge upon his old homestead. The wife of testator objected that the provision was revocable and did not make her safe in renouncing dower in certain lands which her husband wished to sell. To satisfy her upon this subject, he executed a deed, June 21st, 1875, which was delivered and recorded, whereby he "gave,

granted, released, conveyed and confirmed" the property which had been given by the will, reserving to himself the possession and use of it for life; *provided*, that it should not bar her right of dower unless she realized the whole property and money. The testator died in April, 1877. F. M. Godbold, son-in-law of the testator, qualified as executor and instituted this proceeding, charging that the widow had received the $2000 in the lifetime of the testator, and demanding an account for other moneys alleged to have gone into her possession during the life of her husband. The executor presented accounts against the estate, running from 1869 to 1877, and the questions in the case arise out of these accounts and the claim of the widow.

The referee reported as to the claim of the widow, " that there was no evidence that such money was or is in her possession, or that she had received the two thousand dollars. Her claim under the deed of gift of June, 1875, is, therefore, sustained as unpaid. * * * Although the claim is, in form, a gift, and not strictly a debt, yet it is in lieu and bar of dower, and has a valuable consideration to support it," and he accordingly placed the claim in the list of debts established. He reported as to the claim of the executor that " portions of Mr. Godbold's claims are barred by the statute of limitations, namely, the accounts for 1869 and 1870, amounting to one thousand and eighty-seven dollars and six cents, but no exception has been taken to them on that ground, and they have been allowed," &c.

Both parties excepted to the report. Judge Pressley overruled all the exceptions on both sides and confirmed the report, except as to the accounts of the executor for the years 1869 and 1870, which he held were barred by the statute of limitations. He adjudged " that Nuella E. Vance has the right to retain the land and personal property thereon, as reported by the referee; also, that she is entitled to receive from the estate of John Vance the sum of two thousand dollars, with interest from the probate of the will, or, failing to receive the same, that she is entitled to her dower out of the real estate heretofore sold or to be sold by the order of the court." He remitted the case to the referee to inquire and report what assets are liable to the payment of her

claim, and whether she elects to look to such assets for payment or take her dower.

Both parties filed exceptions to the decree, and the appeal comes to this court. The exceptions are numerous and will not be considered *seriatim*, but according to the subject matter.

1. *The claim of the executor as a creditor of the estate.* On one side it is insisted that the accounts were not properly proved, and on the other that they were all established, and it was error to apply the bar of the statute to any part of them. The Circuit judge concurred with the referee that they were established. When such concurrence exists, it is the practice of this court to affirm the judgment, unless it is without any testimony to sustain it, or is manifestly against the weight of the evidence. We cannot say that there was no testimony tending to prove these accounts. Upon the subject of applying the statute to the accounts for the years 1869 and 1870, we also agree with the Circuit judge. The creditor was executor of the estate, which it was his duty to protect. It is against the policy of the law to allow an executor to waive the statute against himself as creditor. "An administrator cannot retain, for a debt of his own, which was barred by the statute of limitations at the death of his intestate." *Cooper* v. *Peyton, Rich. Eq. Cas.* 259.

2. *As to the claim of Mrs. Vance.* All the other exceptions relate to this subject.

1. It is contended that the $2000, conveyed by the deed, was received by Mrs. Vance in the lifetime of her husband, and the fact that shortly before his death, in April, 1877, he gave her a note for $50, affords conclusive proof that she was paid in full. The presumption claimed from giving the note could only arise as to a debt due and payable at the time. By the deed, Mrs. Vance was not to receive the $2000 until testator's death. The referee says: "The evidence is not sufficient to sustain the charge; indeed, there is no evidence to support it, except the possession, by the testator in 1870, of upwards of seven thousand dollars, and in 1871 of upwards of two thousand dollars." The judge says: "I do not find any testimony sufficient to sustain said allegations." In this state of the case this court cannot undertake to review the testimony and disturb the decree. See

*Rep. Shand's note,* 12 *S. C.* 612. We have looked carefully through the testimony and fail to find any direct evidence of payment.

2. It is insisted that the paper called a deed, purporting to convey property to be delivered at donor's death, is testamentary in its character, and at least, in part, void for the want of three witnesses, or if the deed is good as to the tangible property it is certainly void as to the $2000 *in money,* which cannot be identified and has no existence, except as a measure of value. The paper, in form a deed, purported to convey a particular sum of money—to give a present interest, with enjoyment postponed until donor's death. It does not appear that any *particular dollars* were present or delivered, but the deed is under seal and was delivered. We suppose that the thing itself was not so earmarked that the donee could have taken possession at the death without resort to the executor, but was rather in the nature of a direction to the executor to pay. The purpose of the parties was to make the provision irrevocable, and that intention must be carried out if it can be done without violating any principle of law. Without going into the question whether money, like ordinary personal property, is capable of being conveyed *in presenti* to take effect *in futuro,* there is no doubt that this money would have been recoverable if John Vance had given an obligation for it in the form of a note or bond without three witnesses. That the payment was appointed to be made at the death of the obligor, is not, of itself, an objection to the papers being considered an irrevocable obligation. 3 *Term* 322; 5 *Term* 381; 8 *Term* 483. Must the intention fail only for the reason that the paper is in form a deed and not a bond? "An instrument intended to take effect at the donor's death, but not having the formalities of a will, will not be held testamentary, and therefore void, *if it can operate in some other character, which appears to have been intended.*" *Carter* v. *King,* 11 *Rich.* 125, and authorities there cited.

3. It is further insisted that the conveyance of the same property by deed was an *ademption* of the devises and legacies, and that in no event can Mrs. Vance have dower either by election or to make up the full sum of $2000. The doctrine of ademp-

tion does not apply to devises, and is always a question of *intention*. *Allen* v. *Allen*, 13 *S. C.* 512. The purpose of the will, the codicil, and the deed, was the same, and whatever Mrs. Vance receives under the deed cannot, of course, be again claimed under the will; but the deed itself provides that "should the estate become insolvent, so that my said wife shall fail to receive the property and money herein conveyed to her, or any part thereof, then her right and claim of dower shall not be barred." We do not think that the mere acceptance of the deed could be an ademption of anything except in so far as the property covered by it was actually received in the lifetime of the testator. It was the intention of the testator to secure to his wife, in any event, the whole property given. He gave it by will, fortified it by a codicil, and finally made it irrevocable by deed. This anxious intention cannot be defeated by the application of the doctrine of ademption. If the provision of the deed should fail in whole or in part, it would be in violation of the terms of the deed itself to make that which was ineffectual for the purpose intended effective only in defeating another provision for the same purpose. *Dawson* v. *Dawson, Rice's Eq.* 243; *Cheeves' Eq.* 148; *Floyd* v. *Floyd*, 3 *Strob.* 54; *Pringle* v. *McPherson*, 2 *Brev.* 290. Revocation is a question of intention. In the case *Ex parte Earl of Ilchester*, 7 *Ves., Jr.*, 374, Lord Alvanly examines this doctrine at great length, and concludes with these very strong words: "There is, therefore, no authority in the way of this proposition, that an instrument imperfect to the point to which it is directed, shall not operate as a revocation of a will duly executed."

The Circuit decree is affirmed and the appeal dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.